UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **ROBERT HENRY DELANEY** | **CIVIL ACTION NO. 09-1643** |
| **VS.** | **SECTION P** |
| **LOUIS ACKAL, ET AL.** | **JUDGE HAIK** |
| | **MAGISTRATE JUDGE METHVIN** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Robert Henry Delaney, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 18, 2009. Plaintiff is a detainee in the custody of the Iberia Parish Sheriff. He is awaiting trial on unspecified charges pending in the Sixteenth Judicial District Court. Plaintiff contends that his current imprisonment is unlawful and he sues District Attorney Phil Haney, Public Defender Craig Colwart, the Iberia Parish Council, and Sheriff Louis Ackal seeking his immediate release from custody, the dismissal of pending charges, and an unspecified amount of compensatory damages for his "illegal incarceration." This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted, and for seeking monetary relief against a defendant immune from such relief in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B)(i), (ii), and (iii).

*Background*

On July 2, 2009 plaintiff was arrested and booked into the Iberia Parish Jail on unspecified charges. On come unspecified date the court apparently appointed counsel – Iberia Parish Public Defender Craig Colwart – to represent him. According to plaintiff, District Attorney Haney and Sheriff Ackal, did not afford plaintiff a "first appearance" hearing within 24 or 72 hours of plaintiff's arrest, nor an arraignment within 60 days of his arrest. Plaintiff also faults the Sheriff for failing to respond to plaintiff's prisoner grievances. Plaintiff claims the Iberia Parish Council "oversees the running of the Sheriff's Office..." and therefore are responsible for the Sheriff's "actions." He claims defendant Colwart, made no contact with plaintiff despite the inquiries of plaintiff's family and made no effort to provide defendant with a defense or "... any sort of proactive aspect towards getting these charges dismissed or towards getting [plaintiff] released."

*Law and Analysis*

*1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118

3

L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous

4

if it lacks an arguable basis in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir.1995); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Herndandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

Plaintiff has filed an articulate complaint setting forth his claim and the factual basis for his cause of action. He need not be permitted further amendment because his allegations – taken as true for the purposes of this report – are either frivolous, fail to state a claim for which relief may be granted, or seek monetary damages against defendants who are immune from suit.

## 2. *Habeas Corpus and Speedy Trial Issues*

Plaintiff implies that his continued incarceration is unlawful because he was not afforded a timely "first appearance" or arraignment. He maintains that these alleged violations should result in the dismissal of the pending charges and his immediate release from confinement. However, such relief is not available in a civil rights action filed pursuant to §1983. See *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) ("Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir.1994). A *habeas* petition, on the other hand, is the proper vehicle to seek release from custody. See *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir.1989)).

5

Therefore, plaintiff's §1983 complaint, insofar as it seeks his immediate release from custody and the dismissal of pending charges, must be dismissed for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).[1]

### 3. Damages

Plaintiff also seeks compensatory damages for his "illegal incarceration" from District Attorney Haney, Public Defender Colwart, Sheriff Ackal, and the Iberia Parish Council. These claims are also subject to dismissal in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B)(i), (ii), or (iii) as is shown more fully below.

### *a. District Attorney – Immunity*

Plaintiff's claim for monetary damages against District Attorney Haney is barred by the doctrine of absolute prosecutorial immunity. A district attorney and his assistants are absolutely

---

[1] Pro se pleadings may be liberally construed, however, the undersigned is reluctant to construe plaintiff's complaint as a *habeas corpus* proceeding. Plaintiff, of course, may file such a proceeding pursuant to the provisions of 28 U.S.C. §2241. (A pre-trial detainee's suit challenging incarceration on speedy trial grounds should be brought pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) citing *Ojo v. INS*, 106 F.3d 680, 681 (5th Cir.1997), and *Robinson v. Wade*, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir.1982)). However he is cautioned – federal law requires state prisoners who attack their confinement in federal court <u>to exhaust available state court remedies prior to filing suit</u>.. With regard to *habeas* petitions filed under 28 U.S.C. §2241 by pre-trial detainees, there is no express statutory requirement that the detainee exhaust state court remedies prior to asserting his claims in federal court. However, the jurisprudence requires detainees seeking such relief pursuant to §2241 to first exhaust state court remedies before seeking federal intervention. *Dickerson*, 816 F.2d at 224-225; *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

The undersigned notes that Louisiana provides remedies to pre-trial detainees who wish to contest the legality of their custody. See La. C.Cr.P. arts. 351 *et seq*. Louisiana also provides a statutory remedy for the violation of a criminal defendant's right to a speedy trial. See La. C.Cr.P. art. 701. Before he may seek federal *habeas* relief, plaintiff must first avail himself of these or any other available remedies provided by the State of Louisiana. In order to satisfy the exhaustion requirement, the petitioner must have provided <u>all</u> state courts that could review the matter with a fair opportunity to review his *habeas corpus* claims before a federal court will review those claims. The Third Circuit Court of Appeals exercises supervisory jurisdiction over the Sixteenth Judicial District Court (Iberia Parish), and the Louisiana Supreme Court exercises supervisory jurisdiction over the Court of Appeals. Before proceeding in federal court on his unlawful incarceration claim, plaintiff must raise his claims in a procedurally correct manner at each level afforded by the law of Louisiana.

6

immune in a civil rights suit for any action taken pursuant to their role as prosecutors in preparing for the initiation of judicial proceedings and in presenting the State's case. See *Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997).

Plaintiff's claim against the District Attorney is based on his conduct as the state's advocate and he is therefore entitled to absolute prosecutorial immunity. See *Imbler*, 424 U.S. at 430); *Cousin v. Small*, 325 F.3d 627 (5th Cir.2003). Plaintiff's complaint against District Attorney Haney must be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(iii) since plaintiff seeks monetary relief against a defendant who is immune from such relief.

### b. Public Defender

Plaintiff's suit for damages against Craig Colwart, his court-appointed public defender, fares no better. To prevail on a civil rights claim an inmate must prove that he was deprived, under color of law, of rights, privileges, or immunities secured by the United States Constitution and laws. 42 U.S.C. § 1983; *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir.1995). Under the "color of law" requirement, the defendants in a § 1983 action must have committed the complained-of acts in the course of their performance of duties and have misused power that they possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *United States v. Classic*, 313 U.S. 299, 325 (1941); *Screws v. United States*, 325 U.S. 91, 110 (1944)(plurality opinion).

Private attorneys, including public defenders, are not state actors within the meaning of

7

§ 1983. *Polk County v. Dodson*, 454 U.S. 312, 321-22 (1981). Plaintiff alleges that his court-appointed attorney violated his civil rights by failing to properly assist him as counsel. His only allegations of constitutional violations against his attorney arose out of counsel's representation of him in pending criminal charges. Plaintiff has failed to show that his attorney was a state actor or that he was acting under color of law at the time he allegedly violated plaintiff's rights. Plaintiff's civil rights claims against his court-appointed defense attorney should be dismissed as frivolous in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B)(i).

### c. Iberia Parish Council

Plaintiff sued the Iberia Parish Council because "... this group oversees the running of the Sheriff's Office and therefore should be ultimately responsible for their actions..." Plaintiff thus seeks to visit liability for his unlawful imprisonment on the Iberia Parish Council under a theory of *respondeat superior*.

Parochial governments cannot be held liable under 42 U.S.C.A. § 1983 by virtue of the doctrine of *respondeat superior;* they may only be subject to liability where the injury involves official custom or policy. *O'Quinn v. Manuel*, 773 F.2d 605 (5th Cir. 1985). In this case, plaintiff's complaint does not allege a custom or policy of the Iberia Parish Council which directly caused, or contributed to, the plaintiff's allegedly unlawful confinement.[2]

---

[2] Louisiana's general statutory scheme is that the parish is responsible for the expenses of establishing, maintaining and operating a jail and for all expenses of feeding, clothing, and providing medical treatment to prisoners. The sheriff has the duty of operating a jail. *Amiss v. Dumas*, 411 So.2d 1137 (La.App. 1 Cir., 1982) The Sheriff's policy-making decisions as well as his day-to-day decisions regarding the management of the jail, cannot be imputed to the Parish. *Jones v. St. Tammany Parish Jail*, 4 F.Supp.2d 606, 613 (E.D.La.1998).See also La. R.S. 33:4715 ("... each parish shall provide ... a good and sufficient jail.") See also, La. R.S.15:702 ("the governing authority of each parish shall be responsible for the physical maintenance of all parish jails and prisons.") See also *Langley v. City of Monroe, et al.*, 582 So.2d 367 (La.App. 2 Cir.1991)(A police jury is charged with the duty to provide a good and sufficient jail and for the physical maintenance of parish jails and prisons.) and *Amiss v. Dumas*, 411 So.2d 1137 (La.App. 1 Cir., 1982)(Responsibility for providing a jail in each parish rests with the police jury of that parish or with city parish council ... La.R.S. 15:702 places the responsibility for the physical maintenance of all

8

Thus, the Iberia Parish Council cannot be liable for injuries sustained as a result of any alleged unlawful detention of the plaintiff by the Iberia Parish Sheriff. Plaintiff's claim alleging liability on the part of the parish government under a theory of *respondeat superior* is frivolous and should be dismissed in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B)(i).

### d. Sheriff Ackal

Finally, as noted above, in order to prevail on a civil rights claim an inmate must prove that he was deprived of rights, privileges, or immunities secured by the United States Constitution and laws. 42 U.S.C. § 1983; *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir.1995).

Plaintiff makes the following claims against Sheriff Ackal – (1) he failed to get plaintiff to a first appearance within 24 hours or 72 hours of his arrest; (2) he failed to take him before the judge within 60 days for an arraignment; and (3) he ignored plaintiff's prison grievances.

With regard to the first claim, it must be assumed that plaintiff is accusing the Sheriff of violating the provisions of La. C.Cr.P. arts. 230.1 and 230.2. The first article mandates the appointment of counsel and the setting of bail and provides–

> A. The sheriff or law enforcement officer having custody of an arrested person shall bring him promptly, and in any case within seventy-two hours from the time of arrest, before a judge for the purpose of appointment of counsel. Saturdays, Sundays, and legal holidays shall be excluded in computing the seventy-two-hour period referred to herein. The defendant shall appear in person unless the court by local rule provides for such appearance by telephone or audio-video electronic equipment. However, upon a showing that the defendant is incapacitated, unconscious, or otherwise physically or mentally unable to appear in court within seventy-two hours, then the defendant's presence is waived by law, and a judge shall appoint counsel to represent the defendant within seventy-two hours from the time of arrest.

---

parish jails and prisons upon the governing authority of each parish.)

9

> B. At this appearance, if a defendant has the right to have the court appoint counsel to defend him, the court shall assign counsel to the defendant. The court may also, in its discretion, determine or review a prior determination of the amount of bail.
>
> C. If the arrested person is not brought before a judge in accordance with the provisions of Paragraph A of this Article, he shall be released forthwith.
>
> D. The failure of the sheriff or law enforcement officer to comply with the requirements herein shall have no effect whatsoever upon the validity of the proceedings thereafter against the defendant.

It must be presumed that counsel was appointed to represent plaintiff since plaintiff has accused the Public Defender of failing to advocate on his behalf. In other words, plaintiff's first claim against the Sheriff – failing to provide a "first appearance" for appointment of counsel – is logically inconsistent with and refuted by the plaintiff's complaint. Furthermore, even if counsel was not timely appointed, and even if that delay was attributable to the Sheriff for failing to abide by the provisions of art. 230.1, the claim alleges a violation of State law at worst and therefore is insufficient to state a claim for which relief may be granted pursuant to §1983.

Plaintiff likewise implies that he was denied a probable cause determination within 72 hours of his arrest. In this regard, plaintiff has not alleged whether his arrest on July 2, 2009 was obtained with or without a warrant. If plaintiff was arrested without a warrant, his rights to a probable cause determination are granted pursuant to La. C.Cr.P. art. 230.2 which provides:

> A. A law enforcement officer effecting the arrest of a person <u>without a warrant</u> shall promptly complete an affidavit of probable cause supporting the arrest of the person and submit the same to a magistrate. <u>Persons continued or remaining in custody pursuant to an arrest made without a warrant shall be entitled to a determination of probable cause within forty-eight hours of arrest. The probable cause determination shall be made by a magistrate and shall not be an adversary proceeding. The determination may be made without the presence of the defendant and may be made upon affidavits or other written evidence.</u> A magistrate's determination of probable cause hereunder shall not act as a waiver of a person's right to a preliminary examination pursuant to Article 292.

10

> B. If a probable cause determination is not timely made in accordance with the provisions of Paragraph A of this Article, the arrested person shall be released on his own recognizance.

Plaintiff asserted that the Sheriff did not provide a "hearing," however, the statute cited above does not mandate a hearing, and plaintiff has never alleged that probable cause for his arrest, incarceration or prosecution is lacking or was not otherwise determined by a magistrate or judge.  Of course, if plaintiff was arrested on a warrant, that presupposes a finding of probable cause on the part of the judge or magistrate who issued the warrant. See *State v. Hughart*, 34,243, 34,248 (La.App. 2 Cir. 7/20/00),  2000, 801 So.2d 388 (Art. 230.2 governing probable cause determinations for persons arrested without a warrant is inapplicable in those cases where the defendant was arrested on a warrant since a finding of probable cause by a judge was required in order for the arrest warrants to issue in the first place.) In other words, plaintiff has not shown a violation of art. 230.2, however, even if he showed such a violation, he has not shown a violation of the Constitution or laws of the United States.

To the extent that plaintiff faults the Sheriff for denying him the right to a preliminary hearing, his claim is likewise subject to dismissal for failing to state a claim for which relief might be granted. Under Louisiana law, it is incumbent upon the prosecutor or the defendant – and not the Sheriff – to request a preliminary hearing. See La. C.Cr.P. arts 291-298.

Plaintiff also faults Sheriff Ackal for delays in the arraignment process. La. C.Cr.P. art. 701 directs the District Attorney to file an indictment or information within 60 days of an arrest if a defendant is held in custody on felony charges or 120 days if the defendant is held on felony charges for which the punishment may be death or life imprisonment. Thereafter, the District Attorney is responsible for scheduling an arraignment within 30 days. See La. C.Cr.P. art.

11

701(B)(1)(a), (b) and (C). Clearly, the Sheriff cannot be faulted for any violations of art. 701 since under Louisiana law he is not responsible either for the filing of the Bill of Information or the scheduling of an arraignment.

Finally, plaintiff complains that Ackal ignored plaintiff's prison grievances. Plaintiff implies that the problems he encountered in attempting to obtain redress through the prison grievance system violated his right to petition the government as guaranteed by the First Amendment and his rights to Due Process as guaranteed by the Fourteenth Amendment.

Plaintiff's due process arguments are frivolous. In *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Supreme Court left prisoners without a federally-protected right to have grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and, as shown above, the mere failure of an official to follow state law or regulation, without more, does not violate constitutional *minima*. See *Taylor v. Cockrell*, 2004 WL 287339 at *1 (5th Cir. Feb.12, 2004) (not designated for publication) (holding that "claims that the defendants violated ... constitutional rights by failing to investigate ... grievances fall short of establishing a federal constitutional claim"); *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005) (Prisoners do not have a federally protected liberty interest in having their grievances resolved to their satisfaction; any alleged due process violation arising from the alleged failure to investigate prisoner grievances is indisputably meritless); see also *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 138, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977) (Burger, C.J., concurring) (applauding the institution of grievance procedures by prisons but not suggesting that such procedures are constitutionally required); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996) ("[A] state's inmate grievance procedures do not give rise to a

12

liberty interest protected by the Due Process Clause."); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994) ("[T]he constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) (quotation omitted) (holding that a prison grievance procedure is not a substantive right and "does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991 *(per curiam*) (concluding regulations providing for administrative remedy procedure do not create liberty interests in access to that procedure); and *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988) ("There is no legitimate claim of entitlement to a grievance procedure."). Since the Fourteenth Amendment does not provide a constitutionally protected right to a prison grievance procedure, plaintiff's due process claim is frivolous.

Plaintiff's claim – to the extent that it arises under the First Amendment is likewise frivolous. When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's failure to comply with appropriate grievance procedures. See *Flick*, 932 F.2d at 729. Thus, plaintiff's allegation concerning the Sheriff's refusal to respond to or act upon prison grievances, accepted as true for the purposes of this report, is insufficient to state a Constitutional violation and is clearly frivolous.

In short, plaintiff's claims against Sheriff Ackal must be dismissed pursuant to the provisions of 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

### 4. Conclusion and Recommendation

For the foregoing reasons

13

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted, and for seeking monetary relief against a defendant who is immune from such relief in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on November 24, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)